IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MELTON CULBERSON                                                    PLAINTIFF

v.                              Civil No. 1:25-CV-01085-SOH-MEF

CITY OF EL DORADO, ARKANSAS
and EL DORADO POLICE DEPARTMENT                                    DEFENDANTS

**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION,
SUPPLEMENTAL MOTION FOR RECONSIDERATION, AND
MOTION TO RECONSIDER AND LEAVE TO FILE THIRD AMENDED COMPLAINT**

Before the Court are Plaintiff's Motion for Reconsideration (ECF No. 164), Supplemental Motion for Reconsideration (ECF No. 165), and Motion for Reconsideration and Leave to File Third Amended Complaint (ECF No. 170).

## I.      Motion for Reconsideration and Supplemental Motion for Reconsideration (ECF Nos. 164, 165)

In these motions, Plaintiff asks the Court to reconsider its dismissal of Separate Defendants, Officers Andrew Reynolds ("Reynolds") and Houston Bradshaw ("Bradshaw"), based on new information he has received linking the officers to the seizure, transportation, and processing of his iPhone. Plaintiff fails to recognize, however, that the undersigned did not dismiss the claims against the officers due to concerns regarding their involvement in the case. There was never a question as to whether Plaintiff had named the correct officers. His claims against the officers were dismissed because he failed to state a claim upon which this Court could grant relief.

Plaintiff also seeks to attack the validity of the search warrant based on a misspelling of his last name. The Court finds that a mere misspelling of the Plaintiff's last name (Cilberson vs. Culberson) is insufficient to invalidate the warrant. Additionally, the misspelling of his last name

1

in reference to the extracted data is also inactionable.  There is no question that the documents referred to the Plaintiff.  As such, Plaintiff's Motions will be denied.

**II.      Motion for Reconsideration and Leave to File Third Amended Complaint
(ECF No. 170)**

The Plaintiff also seeks to revive his false arrest and malicious prosecution claims against Officers Reynolds and Bradshaw.  (ECF No. 170).  He now claims his arrest was illegal because at the time of the stop, he "immediately informed the officers that he was disabled, suffered from seizure disorder, received SSDI benefits, possessed prescribed seizure medications," and showed them his valid Arkansas Medical Marijuana Card ("MMC")." (*Id*.).  Further, he states he possessed only 2.5 ounces of marijuana, the amount one can legally possess with an MMC and "explained that the digital scale was used solely to weigh his medical marijuana, that the cash came from his SSDI savings and a truck purchase from his parents." (*Id*.).  Plaintiff asserts that his "bank records document multiple case advances and withdrawals prior to the stop (including $1,000 on September 1, 2023, $1,000 on October 3, 2023, and other totaling approximately $3,710), supporting a legitimate, non-drug-related source for the seized cash."

The Probable Cause Affidavit indicates that the officers initiated a traffic and after contacting the Plaintiff, Reynolds noted a "strong odor of green marijuana emitting from inside the vehicle." (ECF No. 20, p. 27).  He also observed a digital scale sitting on the center console, as well as a large baggie of marijuana sitting in the center cup holder.  (*Id*.).  When asked if there was marijuana in the vehicle, the Plaintiff responded in the affirmative and provided his MMC to Reynolds.  Once outside the vehicle, Reynolds checked him for weapons and located $960.00 in cash in his left front pants pocket.  A probable cause search was then conducted of the vehicle during which the Officers located a black Nike backpack containing two older baggies of marijuana; an old medical marijuana bag of marijuana containing 45.4 grams of marijuana; two

digital scales, one of which was sitting on the center console and still turned on; and $1,449.00 in cash.  (ECF No. 18, p. 21).  The officers indicated that the currency contained denominations commonly seen in narcotics distribution.  Accordingly, the officers arrested the Plaintiff and seized the marijuana, money, vehicle, and his cell phone.  (*Id*.).

Probable cause for a warrantless arrest exists if, based on the totality of the circumstances, "the facts would justify a reasonably cautious police officer's belief that the individual arrested has committed or was committing an offense." *Marksmeier v. Davie*, 622 F.3d 896, 900 (8th Cir. 2010).  "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).  "Probable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction." *Adams v. Williams*, 407 U.S. 143, 149 (1972) (citing *Draper v. United States*, 358 U.S. 307, 311-12 (1959)).  "Arguable probable cause exists even where an officer mistakenly arrests a suspect believing it is based on probable cause if the mistake is 'objectively reasonable.'" *Joseph v. Allen*, 712 F.3d 1222, 1226 (8th Cir. 2013) (citations omitted).

In the present case, the officers clearly had arguable probable cause to arrest Plaintiff for suspicion of distribution.  The amount of cash in the denominations possessed, the baggies of marijuana, and the scale still powered on and sitting on the console of the vehicle, was sufficient to justify a reasonable belief that the Plaintiff was involved in the drug trade.  Accordingly, even with the new facts the Plaintiff has provided, he has still failed to state a claim upon which relief can be granted.  Probable cause is determined at the time of the arrest and based on the facts known to the officers on scene, not evidence later submitted to the court.

3

### III.     Conclusion

Accordingly, for the foregoing reasons, Plaintiff's Motion for Reconsideration (ECF No. 164), Supplemental Motion for Reconsideration (ECF No. 165), and Motion for Reconsideration and Leave to File Third Amended Complaint (ECF No. 170) are hereby **DENIED**.

IT IS SO ORDERED on this 30th day of July 2026.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE