IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MELTON CULBERSON PLAINTIFF

v. Case No. 1:25-cv-1085

EL DORADO POLICE DEPARTMENT;
and CITY OF EL DORADO DEFENDANTS

**ORDER**

Before the Court is Plaintiff's Motion for Reconsideration. ECF No. 216. Defendants have not filed a response, and the Court finds that no response is necessary. The Court finds this matter ripe for consideration.

Plaintiff, citing Federal Rules of Civil Procedure 59(e) and 60(b), moves the Court to reconsider its Order (ECF No. 214) granting Defendants' Motion for Summary Judgment (ECF No. 35), which dismissed Plaintiffs' remaining claims without prejudice.

"Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Metro. St. Louis Sewer Dist. v. Mallinckrodt, Inc.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.*

Under Rule 60(b), a court relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a satisfied, released, discharged, or vacated judgment; (6) or any other reason that justified relief.

Fed. R. Civ. P. 60(b)(1)-(b)(6). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 580 U.S. 100, 123 (2017). The Eighth Circuit has consistently maintained that Rule 60(b) "was not intended as a substitute for a direct appeal from an erroneous judgment."

First, Plaintiff fails to point to any manifest error of law or fact that would justify amending or altering the Court's prior ruling under Rule 59(e). Second, Plaintiff does not specify which provision of Rule 60(b) applies to support his argument. Plaintiff only argues in general and conclusory terms that Rule 60(b)(1)-(b)(6) apply and that the Court's Order (ECF No. 214) is incorrect. Moreover, Plaintiff has filed a Notice of Appeal. ECF No. 217. Appellate relief is available and the Court will not reconsider its Judgment. ECF No. 215. Therefore, the Court finds that Plaintiff's Motion for Reconsideration (ECF No. 216) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 2nd day of November, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
Senior United States District Judge